| | |
|---|---|
| 1 | Kevin S. Sinclair, Esq., Nevada Bar No. 12277 |
| | *ksinclair@earlysullivan.com* |
| 2 | Sophia S. Lau, Esq., Nevada Bar No. 13365 |
| | *slau@earlysullivan.com* |
| 3 | EARLY SULLIVAN WRIGHT |
| | GIZER & McRAE LLP |
| 4 | 8716 Spanish Ridge Avenue, Suite 105 |
| | Las Vegas, Nevada 89148 |
| 5 | Telephone: (702) 331-7593 |
| | Facsimile: (702) 331-1652 |

Attorneys for Defendant
COMMONWEALTH LAND TITLE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WCW1, <br><br> Plaintiff, <br><br> vs. <br><br> COMMONWEALTH LAND TITLE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 2:19-cv-00803-GMN-GWF <br><br> **STIPULATION AND ~~PROPOSED~~ ORDER TO STAY CASE PENDING APPEAL** |

Plaintiff Wells Fargo Bank, N.A., As Trustee For The Certificate Holders Of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW1 ("Bank") and defendant Commonwealth Land Title Insurance Company ("Insurer") (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an HOA assessment lien and subsequent sale was covered by a policy of title insurance;



1
**STIPULATION AND PROPOSED ORDER**

524489.1

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS**, Insurer previously moved to stay the instant action pending the disposition of the *Wells Fargo II* Appeal (the "Motion to Stay");

**WHEREAS** both of the Parties intend that the instant Stipulation is to withdraw and replace the previously filed Motion to Stay;

**WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.
2. The scheduling order previously entered in this action is hereby **VACATED**.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

4. Any now-pending deadlines to file responses to, or replies in support of, any outstanding motions are hereby **VACATED**.

5. By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

Dated this 25th day of November 2019     EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

*/s/--Kevin S. Sinclair*
By: _____
Kevin S. Sinclair, Esq.
Nevada Bar No. 12277
Sophia S. Lau, Esq.
Nevada Bar No. 13365
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148

Attorneys for Defendant COMMONWEALTH LAND TITLE INSURANCE COMPANY

Dated this 25th day of November 2019     WRIGHT, FINLAY & ZAK, LLP

*/s/--Lindsay D. Robbins*
By: _____
Matthew S. Carter, Esq.
Nevada Bar No. 9524
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117

Attorneys for Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WCW1

**ORDER**

**IT IS SO ORDERED:**

Dated: November 27, 2019     By: _____
THE HON. ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE



524489.1

3
**STIPULATION AND PROPOSED ORDER**